Sneed, J.,
delivered the opinion of the court:
This was a motion in the circuit court of Hancock comity against the sheriff and his securities for the insufficient return of a„n execution.
The motion was allowed and judgment rendered against the defendants for the amount due on the execution, and costs. This execution, on this judgment, was superseded *376 upon a petition for writ of error coram nobis, wbicb, upon motion, was dismissed.
The return complained of was in the words and figures following:
“Came to hand August 23, 1876, top late to be executed, therefore is not satisfied. September 2, 1876.
(Signed) W. P. Testamax, Sheriff.”
The return term of the execution was held on the fourth Monday in September, 1876, and the only reason assigned in the petition for the nonexecution of the process was that the defendant’s term of office would expire on the fourth of September next after the execution came into his hands. The circuit judge very properly dismissed the petition. The return on its face is insufficient. It was the simple duty of the sheriff to obey the mandate of the court by making a levy, and not to abide any of the contingencies by which the plaintiff may have lost his debt. The eight or ten days in which he he-ld the process in his hands, gave him ample time for this. If the return had set forth all the facts in exculpation that are shown in the petition, the return would not have excused him. For all the purposes of this case, in contemplation of law he was still the sheriff; and, indeed, his official term continued as a matter of law, until the qualification of his successor.
But this court has held that the officer who commences the execution of a writ of fieri facias is bound to finish it. If he has levied the writ on the goods of the debtor, he cannot even deliver the writ and the goods to his successor in discharge of himself, but must sell the goods, and make proper return, in the same manner as if his- office had continued. Campbell, Gov., v. Cobb et al., 2 Sneed, 18; 5 Cold., 223; Code, secs. 368, 369 [Shannon’s Code, secs. 458, 459]; Const. Tenn., art. 7, sec. 5.
Affirm the judgment.